## In re COMPUTERVISION CORPORATION SECURITIES LITIGATION.

### No. 964.

Judicial Panel on Multidistrict Litigation.

Feb. 19, 1993.

Before JOHN F. NANGLE, Chairman, and MILTON POLLACK,* ROBERT R. MERHIGE, Jr., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, Jr., JOHN F. GRADY and BAREFOOT SANDERS,* Judges of the Panel.

### TRANSFER ORDER

This litigation presently consists of seventeen actions pending in two districts as follows:

| | |
|---|---|
| District of Massachusetts | 14 actions |
| Southern District of New York | 3 actions |

All defendants move, pursuant to 28 U.S.C. § 1407, for centralization of all actions in the District of Massachusetts. The plaintiffs in the Massachusetts actions join in support of centralization in the Massachusetts forum. The plaintiffs in the New York actions support centralization only in the Southern District of New York. Otherwise, these plaintiffs urge the Panel to deny transfer and instead rely on voluntary alternatives to 1407 centralization.

On the basis of the papers filed and the hearing held, the Panel finds that the seventeen actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions are rooted in allegations that defendants, in connection with an August 1992 public offering of Computervision Corp. securities, misrepresented or omitted material facts concerning Computervision's financial and operating condition.

---

* Judge Pollack took no part in the decision of this matter. Also, Judge Sanders recused himself and took no part in the decision of this matter.

Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certifications), and conserve the resources of the parties, their counsel and the judiciary. Voluntary cooperation among the concerned courts and parties, while always laudable, is not an appropriate alternative to 1407 transfer in this docket.

Plaintiffs in the New York actions have offered their reasons why the Southern District of New York should be selected as transferee district for this litigation, but we remain persuaded that the District of Massachusetts is the more appropriate forum for this docket. We note that: 1) fourteen of the seventeen actions filed in this docket were brought in the Massachusetts district, and, with the exception of the plaintiffs in the three New York actions, that district is the choice of all parties to this docket; 2) Computervision is headquartered in Massachusetts, and the offices and records of Computervision personnel involved in the offering are located there; and 3) the Massachusetts actions have already been consolidated before a judge who has entered a pretrial order establishing an orderly structure for their prosecution.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending in the Southern District of New York be, and the same hereby are, transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable William G. Young for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

### SCHEDULE A

*MDL–964—In re Computervision Corporation Securities Litigation*

### District of Massachusetts

*Morris I. Glassman v. Computervision Corp., et al.,* C.A. No. 1:92–12359

*Lily Moss, et al. v. Computervision Corp., et al.,* C.A. No. 1:92–12360

*Micheal Kessler v. Russell E. Planitzer, et al.,* C.A. No. 1:92–12365

*Fred Werner v. Computervision Corp., et al.,* C.A. No. 1:92–12366

*Mary Ann Mahoney, et al. v. Computervision Corp., et al.,* C.A. No. 1:92–12367

*Eli Ballan v. Computervision Corp., et al.,* C.A. No. 1:92–12368

*Larry O. Tietz v. Computervision Corp., et al.,* C.A. No. 1:92–12380

*Anthony R. Caine v. Computervision Corp., et al.,* C.A. No. 1:92–12381

*Perry Gantman v. Computervision Corp., et al.,* C.A. No. 1:92–12386

*Leon Sicular v. Computervision Corp., et al.,* C.A. No. 1:92–12389

*Robert Bassman v. Computervision Corp., et al.,* C.A. No. 1:92–12453

*Richard L. Kane v. Computervision Corp., et al.,* C.A. No. 1:92–12466

*Faramarz Elghanian v. Computervision Corp., et al.,* C.A. No. 1:92–12555

*Nicholas DePace, et al. v. Computervision Corp., et al.,* C.A. No. 1:92–12599

### Southern New York

*David Roberts v. Computervision Corp., et al.,* C.A. No. 1-92–7121

*Melvin Klein v. Computervision Corp., et al.,* C.A. No. 1-92–7189

*Sonem Partners v. Shearson Lehman Brothers Inc., et al.,* C.A. No. 1-92–7457